IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG DIVISION

ELECTRONICALLY
FILED
Jun 02 2016
U.S. DISTRICT COURT
Northern District of WV

**CHARLES SALISBURY,**

    **PLAINTIFF,**

v.

**PRIMECARE MEDICAL OF
WEST VIRGINIA, INC.**

    **DEFENDANT.**

CIVIL ACTION NO. 1:16-CV-104 (Keeley)

## COMPLAINT

Your Plaintiff, Charles Salisbury, by his counsel, Hoyt Glazer, Esq. of the Law Office of Hoyt Glazer, PLLC, files this legal action against Defendant PrimeCare Medical of West Virginia, Inc. arising from Defendant's unlawful termination and treatment of him after he reported accounting discrepancies. Plaintiff alleges his firing violates the Family and Medical Leave Act of 1993 and the public policies of the State of West Virginia, and he seeks compensatory and punitive damages, and his attorney fees to remedy the unlawful employment practices of Defendant.

### PARTIES

1. Plaintiff, Charles Salisbury, is, and at all times mentioned, was a citizen and resident of Erbacon, in Webster County, West Virginia.

2. Defendant, PrimeCare Medical of West Virginia, Inc. ("PrimeCare") is, and at all times mentioned, was a domestic corporation licensed to do business in the state of West Virginia with its principal office address at 3940 Locust Lane, Harrisburg, Pennsylvania. Defendant provides health care services for correctional facilities, including, but not limited to, the Central Regional Jail in Sutton, West Virginia.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this civil action under 28 U.S.C. §1331 because Plaintiff is alleging a cause of action under federal law.

4. Venue is appropriate under 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to this claim occurred in Sutton, West Virginia which is located in Braxton County, West Virginia.

## ALLEGATIONS OF FACTS

5. Your Plaintiff, Charles Salisbury, began employment for Defendant on or about January of 2014 as a full-time staff LPN.

6. Between December 2014 and January 2015, the Defendant, and its agents, changed the time on Mr. Salisbury's time sheets.

7. On discovering Defendant had changed his time sheets, Mr. Salisbury immediately notified the Defendant.

8. The Defendant changed Mr. Salisbury's time sheets.

9. Following Mr. Salisbury's report of the accounting discrepancies on his time sheets, the Defendant retaliated against Mr. Salisbury by removing him from the PRN schedule and limiting his hours worked.

10. Before the Defendant removed him from the schedule, Mr. Salisbury had worked in excess of 1250 hours per year, and was eligible to take leave under the Family and Medical Leave Act of 1993.

11. On September 29, 2015, Defendant terminated Mr. Salisbury because it claimed he had not worked in the medical department for the previous month, and it was removing him from the list of available PRN employees.

12. When Defendant terminated Mr. Salisbury, his wife was pregnant with the couple's first child.

13. On information and belief, Defendant knew Mr. Salisbury was the father of his wife's child, and it knew he would be eligible to take FMLA leave upon birth of the child had it allowed him to work and remain on the list of available PRN employees.

14. On information and belief, Defendant has continued the employment of other similarly-situated employees without their having worked in excess of 60 days, and, further, Defendant has not terminated their employments.

16. At no time did Defendant notify or otherwise advise Mr. Salisbury of his rights under The Family and Medical Leave Act of 1993.

17. Defendant had clear knowledge that Plaintiff was eligible to take medical leave to care for his expected child and/or to care for the mother of his expected child during the pregnancy and/or Plaintiff supplied sufficient information to Defendant to require it to give him notification of his rights to seek leave under the FMLA to care for the mother of his child and/or his child.

18. On information and belief, Defendant knew Mr. Salisbury and his wife lived together and held themselves out as a married couple.

19. Since his firing, Plaintiff has been unable to find suitable, gainful employment that compensates him wages close to what he earned as an employee of Defendant.

**COUNT I: INTERFERENCE WITH RIGHTS UNDER THE FAMILY AND MEDICAL LEAVE ACT OF 1993**

20. Plaintiff incorporates the previous paragraphs by reference.

21. At all times mentioned, Plaintiff was qualified and eligible to take leave under the FMLA.

22. At the time of his termination, Plaintiff had been employed by Defendant longer than twelve (12) months and had worked at least twelve hundred fifty (1250) hours of service for Defendant.

23. Defendant is and was a covered employer under the FMLA, and employed 50 or more employees within 75 miles of the location where Plaintiff was employed.

24. Following his termination, Plaintiff's wife continued her pregnancy, and gave birth to the couple's child on or about January 2016.

25. FMLA requires that "[w]hen an employee requests FMLA leave, or when the employer acquires knowledge that an employee's leave may be for an FMLA-qualifying reason, the employer **must notify** the employee of the employee's eligibility to take FMLA leave within five business days, absent extenuating circumstances." 29 C.F.R. §825.300(b)(1) [Bold added].

26. Under 29 C.F.R. §825.300(b)(1), the notice "must state whether the employee is eligible for FMLA leave." If the employee is not eligible, the notice "must state at least one reason why the employee is not eligible." Id. §825.300(b)(2).

27. At no time did the Defendant provide FMLA's statutorily required notice to Plaintiff, resulting in prejudice to Plaintiff and impairment of his legal rights because he could not make informed decisions about his medical leave, which includes, but is not limited to the duration of his protected FMLA leave.

28. On information and belief, Defendant reduced Plaintiff's hours and failed to include him on the PRN list in an effort to prevent Plaintiff from accumulating sufficient service to remain

eligible for FMLA. In so doing, Defendant knowingly and deliberately interfered with Plaintiff's FMLA rights.

29. Defendant failed to provide Plaintiff with the required, individual notice so that he could take FMLA leave to care for his unborn child when it clearly knew it had a duty and obligation to inform Plaintiff of his FMLA rights.

30. Defendant's termination of Plaintiff when it knew he was the father of an expected child was reckless and in deliberate disregard of the FMLA's notice provisions.

31. In terminating Plaintiff when it knew he was eligible for FMLA, Defendant interfered with and violated Plaintiff's rights under the FMLA, and Plaintiff seeks all appropriate relief as requested in his prayer for relief.

### COUNT II: RETALIATION FOR EXERCISING RIGHTS AND ENGAGING IN PROTECTED CONDUCT UNDER THE FAMILY AND MEDICAL LEAVE ACT

32. Plaintiff incorporates the previous paragraphs by reference.

33. At the time of his termination, Plaintiff's had been employed with Defendant for longer than twelve (12) months and the Plaintiff had worked at least twelve hundred fifty (1250) hours of service for Defendant.

34. Defendant is and was a covered employer under the FMLA, and employed 50 or more employees within 75 miles of the location where Plaintiff was employed.

35. When Plaintiff notified Defendant he was expecting a child, Plaintiff gave adequate and proper notice of his need to take a medical leave of absence from work under FMLA and/or that he was clearly eligible for FMLA leave based on the expected birth of his child.

36. Based on the previous allegations, Plaintiff was qualified and eligible for FMLA leave.

37. Plaintiff engaged in conduct protected under the FMLA that entitles him to all relief under the FMLA statute.

38. Defendant terminated Plaintiff in retaliation for his having sought to care for his expected child and engaging in conduct protected under FMLA.

39. Defendant's conduct in terminating Plaintiff was in bad faith, malicious, reckless and purposefully indifferent to Plaintiff's FMLA rights, and Plaintiff seeks relief as set forth in the prayer for relief.

### COUNT III: RETALIATORY DISCHARGE IN VIOLATION OF WEST VIRGINIA PUBLIC POLICY

40. Plaintiff incorporates the previous paragraphs by reference.

41. Before his termination by Defendant, Mr. Salisbury had performed all conditions, covenants, promises, duties and responsibilities required of him and in accordance and conformity with Defendant's expectations.

42. In striving to comply with his duties as an employee and with the Fair Labor Standards Act (FLSA) and West Virginia law prohibiting the improper alteration and/or falsification of employee time sheets, Plaintiff notified Defendant of accounting discrepancies with his times sheets.

43. Following Plaintiff's report of accounting discrepancies, the Defendant retaliated against him by reducing his hours and not including him on the PRN list.

44. Defendant's termination of Plaintiff's employment resulted from his legitimate efforts to comply with federal and West Virginia law and his duties as an employee in seeking to have Defendant comply with the FLSA, West Virginia Wage Payment Act, West Virginia public policy and Defendant's own policies that purport to comply with our federal and state employment and wage and hour laws and protections.

45. Plaintiff's discharge also followed his protected activities within such period of time that the Court can infer retaliatory motivation.

46. The Defendant's treatment and termination of Plaintiff is a retaliatory and wrongful discharge in violation of the public policies embodied in the statutes, rules, regulations, common law, the Fair Labor Standards Act, the Constitution of the State of West Virginia and the West Virginia Wage Payment Act.

47. As a direct and proximate result of Defendant's intentional, discriminatory and retaliatory acts against him, Plaintiff has suffered and continues to suffer injury, including, but not limited to, loss of past and future earnings and other employment benefits, anguish, pain and suffering, humiliation, loss of enjoyment of life, costs associated with obtaining new employment, embarrassment, damage to his reputation and other past and future pecuniary losses. Wherefore, Plaintiff seeks compensatory damages and other relief as set forth below.

48. Any reason alleged by Defendant for terminating the Plaintiff and denying Plaintiff employment benefits and fair, non-discriminatory treatment in the course of his employment is mere pretext for Defendant's real reason for firing the Plaintiff–which is Defendant's retaliation against Plaintiff for reporting discrepancies on the time sheets.

49. Defendant and its agents knew or should have known that its actions taken against Plaintiff were false, wanton, willful, and malicious and designed and intended solely to harm Plaintiff; Defendant's actions are and were indifferent to Plaintiff's rights under the federal and state laws including the FLSA and West Virginia Wage Payment Act and the common law and public policies of the State of West Virginia. Wherefore, Plaintiff seeks punitive damages and relief as provided below.

WHEREFORE, Plaintiff, Mr. Salisbury requests judgment against the Defendant as follows:

On Counts I and II, grant Plaintiff back wages, liquidated damages, compensatory damages, reinstatement and/or front pay, the costs of litigation, including court costs, any expert witness fees, reasonable attorneys' fees, and all other remedies allowed under the FMLA;

On Count III, grant Plaintiff actual damages for lost wages, lost compensation and fringe benefits, compensatory damages for annoyance, inconvenience, embarrassment, humiliation and distress as a direct and proximate cause of Defendant's unlawful conduct;

On Counts III, grant Plaintiff punitive damages;

On Counts III grant Plaintiff her attorneys' fees and prejudgment and post judgment interest on all amounts allowed by law, as well as costs in pursuing this action;

Grant such further relief as supported by the law and as any potential amendment of the Complaint and justice may require; and

Such other relief as this Court deems fair and proper in the interest of justice.

**PLAINTIFF REQUESTS A TRIAL BY JURY ON ALL ISSUES.**

PLAINTIFF, CHARLES SALISBURY,
By His Counsel,

 /s/ Hoyt Glazer            ____
Hoyt Glazer, Esq. (WV Bar #6479)
LAW OFFICE OF HOYT GLAZER, PLLC
618 Tenth Street, Suite 105
Huntington, WV 25701
p. 681-204-3914
f. 681-245-6283